EXHIBIT A

STATE OF MAINE
CUMBERLAND, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: CV-2026-

| | |
|---|---|
| TERESA B. STISI, a resident of Sebago, County of Cumberland, State of Maine, Plaintiff<br><br>VS.<br><br>WAL-MART STORES EAST, LP d/b/a WALMART #2202, a limited partnership doing business in Windham, County of Cumberland, State of Maine, Defendant | COMPLAINT |

NOW COMES the Plaintiff Teresa Stisi, by and through counsel, and complains against the Defendant Wal-Mart Stores East, LP d/b/a Walmart #2202 as follows:

**FACTS**

1. Plaintiff Teresa Stisi ("Plaintiff") is a resident of Sebago, County of Cumberland, State of Maine.

2. Defendant Wal-Mart Stores East, LP d/b/a Walmart #2202 ("Defendant") is a limited partnership doing business in Windham, County of County of Cumberland, State of Maine.

3. At all times material to this Complaint, Defendant owned, possessed, and/or occupied, 30 Landing Road in Windham, Maine (the "Premises").

4. At all times material to this Complaint, Defendant was doing business from the Premises.

5. On or about February 14, 2025, Plaintiff lawfully entered the Premises to conduct business with Defendant.

6. At said time and place, Plaintiff slipped after encountering unmitigated ice, snow, and/or other winter-weather related hazards in the parking lot of the Premises (the "Hazardous Condition"), causing Plaintiff to fall and sustain serious injuries to and otherwise greatly injuring the Plaintiff in mind and body.

7. The Hazardous Condition was latent.

8. Defendant reserved and/or exercised control over the area where the Hazardous Condition developed and was responsible for snow and ice removal in that area.

9. Defendant permitted the Hazardous Condition to develop and persist for an unreasonable length of time given its location and Defendant's ability to discover and remedy it.

## COUNT I

10. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 9 and incorporates the same herein by reference.

11. At said time and place, Defendant owed Plaintiff the duty to exercise ordinary care to ensure that the Premises which they were invited to use or which they could be reasonably expected to use, were reasonably safe for Plaintiff's use.

12. At said time and place, Defendant negligently failed to ensure that the Premises were reasonably safe for invitees, having allowed the Premises to become icy or otherwise hazardous, and having failed to address the Hazardous Condition for an unreasonable length of time.

13. As a direct and proximate result of the Defendant's negligence or the negligence of Defendant's agents, servants or employees, Plaintiff slipped on ice at the Premises, causing serious injuries to and otherwise greatly injuring Plaintiff in mind and body.

14. Said injuries caused great pain and suffering and mental anguish to Plaintiff requiring hospitalization and medical treatment for which Plaintiff is liable financially, have caused them loss of enjoyment of life, loss of earnings, and loss of earning capacity, all of which elements of damage are of a continuing nature since the injuries are permanent in their effects.

WHEREFORE, Plaintiff Teresa Stisi prays for judgment that is reasonable against the Defendant Wal-Mart Stores East, LP d/b/a Walmart #2202 on this Count I, plus interests and costs.

## COUNT II

15. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 and incorporates the same herein by reference.

16. Defendant owed Plaintiff the duty to exercise reasonable care in conducting activities which might affect the condition of the Premises, or otherwise enhance the dangerousness of any condition on the Premises or the likelihood that invitees would encounter said condition and suffer injury.

17. Defendant breached its duties to Plaintiff by negligently undertaking business activities on the Premises which created an unreasonable risk of harm to invitees, having exposed Plaintiff to the Hazardous Condition in the normal course of Defendant's business, under conditions that created a latent and foreseeably hazardous condition.

18. As a direct and proximate result of Defendant' negligence, Plaintiff encountered the Hazardous Condition and sustained the aforesaid injuries.

WHEREFORE, Plaintiff Teresa Stisi prays for judgment that is reasonable against the Defendant Wal-Mart Stores East, LP d/b/a Walmart #2202, on this Count II, plus interest and costs.

**COUNT III**

19. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18 and incorporates the same herein by reference.

20. Defendant owed Plaintiff the duty to conduct inspections of the Premises to discover dangerous conditions and/or any latent defects thereon, and to take appropriate corrective measure with respect thereto.

21. Defendant breached its duties to Plaintiff by negligently failing to conduct an inspection of the Premises, thereby allowing a dangerous and/or latent defect to exist on the Premises for a prolonged and unreasonable period of time.

22. As a direct and proximate result of Defendant' negligence, Plaintiff encountered the Hazardous Condition and sustained the aforesaid serious injuries.

WHEREFORE, Plaintiff Teresa Stisi prays for judgment that is reasonable against the Defendant Wal-Mart Stores East, LP d/b/a Walmart #2202, on this Count III, plus interest and costs.

**COUNT IV**

23. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22 and incorporates the same herein by reference.

24. Defendant owed Plaintiff a duty to warn them about the above-described dangerous and/or latent conditions, insofar as Defendant knew or should have known that said condition existed on the Premises and that said Premises were reasonably expected to be used by Plaintiff.

25. Defendant breached its duty to warn Plaintiff of the above-described Hazardous Condition.

26. As a direct and proximate result of Defendant's negligence, Plaintiff encountered a dangerous and/or latent condition on the Premises and sustained the aforesaid injuries.

WHEREFORE, Plaintiff Teresa Stisi prays for judgment that is reasonable against the Defendant Wal-Mart Stores East, LP d/b/a Walmart #2202, on this Count IV, plus interest and costs.

DATED at Lewiston, Maine, this 10th day of February, 2026.

*/s/Michael J. Welch, Esq.*
Michael Welch, Esq., Bar No.: 3182
Attorney for Plaintiff
Hardy Wolf and Downing, PA

PO Box 3065
Lewiston, Maine 04243-3065
207-784-1589
Email: WelchService@hardywolf.com